**Russell DEMOND, Plaintiff and Appellant,**

v.

**FHP; Employees Health Choice; and Nicole Eaton, Defendants and Appellees.**

**No. 920606–CA.**

Court of Appeals of Utah.

March 8, 1993.

Leonard E. McGee, West Valley City, for plaintiff and appellant.

Francis J. Carney and Jessee C. Trentadue, Salt Lake City, for defendants and appellees.

Before GREENWOOD, JACKSON and RUSSON, JJ.

JACKSON, Judge:

Appellant, Russell Demond, appeals from the trial court's dismissal of his state common law claims against appellees. We affirm.

### FACTS

FHP sold an Employees Health Choice (ECHO) insurance policy to the Crescent Group, a small printing company in Salt Lake City. The policy was effective on June 1, 1989. Demond was employed by the Crescent Group from 1987 until January 1989. Demond had extensive pre-existing medical conditions, which he alleges were made known to FHP/ECHO prior to the time the policy went into effect. Demond alleges that FHP/ECHO agreed to

insure him despite his pre-existing conditions and that the Crescent Group waited to cancel its previous insurance until they were assured that all employees would be covered. However, the application for the FHP/ECHO insurance policy states that no employees had any pre-existing medical conditions.

In October 1989, FHP/ECHO sent a letter to the Crescent Group informing them that the insurance would be terminated because of "fraud and misrepresentation" on the insurance application. On October 27, 1989, the Crescent Group requested that the policy be terminated because FHP/ECHO allegedly threatened to involuntarily terminate coverage if the Crescent Group refused to "voluntarily" terminate coverage. Because the Crescent Group "voluntarily" terminated coverage, its employees lost all conversion options, thereby leaving employees with pre-existing medical conditions little chance of securing other medical coverage.

Demond filed suit on February 14, 1990, alleging that FHP/ECHO breached its contract with him by agreeing to insure Demond and then forcing the Crescent Group to terminate the policy, leaving Demond without medical coverage or conversion options. Demond also asserted other state common law claims in his complaint.

FHP/ECHO filed a motion to dismiss Demond's claims on the basis that the health insurance policy was an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1002(1), 1002(3) and 1144(a). The trial court granted the motion, finding the plan was an employee welfare benefit plan under ERISA. The trial court concluded that Demond's rights under the policy were limited to those provided by ERISA, and dismissed Demond's state common law claims.

## ISSUE

The dispositive issue is whether the insurance policy is an "employee welfare benefit plan" under ERISA. If the policy is a plan under ERISA, ERISA bars all state common law claims against the insur-ance company, employer, or employee organizations that established the plan. *See Robertson v. Gem Ins. Co.,* 828 P.2d 496, 500 (Utah App.1992).

## STANDARD OF REVIEW

We will uphold a grant of a motion to dismiss "only where it appears that the plaintiff or plaintiffs would not be entitled to relief under the facts alleged or under any state of facts they could prove to support their claim." *Robertson v. Gem Ins. Co.,* 828 P.2d 496, 499 (Utah App.1992) (quoting *Prows v. State,* 822 P.2d 764, 766 (Utah 1991)). We accept the facts as alleged in the complaint as true and consider the facts in a light most favorable to the plaintiff. *Robertson,* 828 P.2d at 499. "The existence of an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Id.* at 500 (quoting *Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 492 (9th Cir.1988)). The appellees have the burden of proving that an employee welfare benefit plan exists. *Robertson,* 828 P.2d at 500.

## ANALYSIS

■ Demond alleges the trial court improperly found the insurance policy offered by the Crescent Group was an "employee welfare benefit plan" under ERISA. ERISA governs all "employee benefit plan[s]," including "employee welfare benefit plans." 29 U.S.C. §§ 1003(a) and 1002(3). An employee welfare benefit plan is "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance ... medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1).

Many courts look to the following Department of Labor regulations for a more precise definition of an employee welfare benefit plan:

> [T]he terms "employee welfare benefit plan" and "welfare plan" shall not in-

clude a group or group-type insurance program offered by an insurer to employees or members of an employee organization under which

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole function of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer, and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j) (1987).

This court has determined that "[c]onsideration should be given to the factors set forth in the Department of Labor regulations, but finding of any one factor is not determinative." *Robertson*, 828 P.2d at 503. However, "[t]he extent of employer involvement in the administration and maintenance of the plan is of critical importance."[1] *Id.* at 502. Further, existence of an employee benefit plan is to be determined in light of the purposes sought to be served by ERISA. *Id.*

Demond alleges the trial court should have found the insurance policy was not an "employee welfare benefit plan." We disagree. The trial court found, and the evidence supports the finding that the policy was an employee welfare benefit plan under ERISA. As stated above, control by the employer over the administration and maintenance of the insurance program is of critical importance in determining whether the policy is an employee welfare benefit plan under ERISA. *Id.* In this case, Carolyn Fink, the owner and president of the company, made the decision to change employee health insurance carriers to FHP/ECHO. The application submitted by the Crescent Group was signed by Fink and provided that none of the employees had preexisting medical conditions. The application also listed Fink as the "benefits manager." The employer, Fink, could control the length of the policy. She had the power to and did in fact terminate the policy, thereby ending the medical coverage of its employees.

One purpose sought to be served by ERISA is to protect beneficiaries of plans from employer abuse caused by excessive administrative activity. *See id.* at 502–03. The degree of employer involvement in the administration and maintenance of this plan subjected the Crescent Group employees to potential abuse. In fact, employees lost medical coverage because of the control maintained and exerted by the employer. Thus, the regulatory concerns of ERISA are implicated. Accordingly, we find that in light of all the facts and circumstances this insurance program is a employee welfare benefit plan under ERISA and the trial court properly dismissed the state common law claims.

GREENWOOD and RUSSON, JJ., concur in the result.

---

1. Demond also argues the remaining three elements of the Department of Labor regulations apply and require that we find the policy falls outside ERISA. Although Demond asserts that he paid his medical premiums, he provides no receipts or other evidence of such. On the other hand, FHP/ECHO provided copies of checks issued by Demond's employer paying for the premium. Nonetheless, even if we found that Demond paid his premiums, that the policy was voluntary and that the employer received no consideration in connection with the program, because we find that the extent of employer involvement in the administration and maintenance of the policy qualifies it as a plan protected by ERISA, we need not consider the remaining three factors.